1808.

Chapman
vs
Brawner

that the plaintiff could not recover in this action. The plaintiff excepted; and the verdict and judgment being against him, he brought this appeal.

The cause was argued before CHASE, Ch. J. BUCHANAN, and NICHOLSON, J. by

Johnson, (Attorney-General,) and Magruder, for the Appellant; and by

G. A. Clagett, for the Appellee.

THE COURT was of opinion that the defendant below was only a hired person; that that character was not changed by his compensation being uncertain and depending on the amount of the profits; that he had no such interest in the crop as would justify him in disposing of it, and that having sold the tobacco in question, he was liable to the plaintiff below in this form of action.

JUDGMENT REVERSED, AND PROCEDENDO AWARDED.

---

December.

G. & J. CHAPMAN vs. BRAWNER.

In an action of trespass q c f on a tract of land called G D, the defendant took defence for a tract of land called A, on a part of which the alleged trespass was committed—Held, that the plaintiff was only entitled to recover for a trespass committed within the lines of the tract called G D, as the same was located by him on the plots in the cause, altho' he had been in the possession and cultivation of the land on which the trespass was alleged to be committed, claiming the same as part of G D, for upwards of 50 years, and it had always been called and reputed as part of that tract.

APPEAL from Charles county court. An action of trespass quare clausum fregit, was brought by the appellants against the appellee, for entering their close called Gryme's Ditch, &c. The pleas of non cul. and freehold in the defendant, as part of a close called Adventure, were pleaded. Issue was joined to the first plea, and a general replication put in to the second. The defendant demurred to the replication, to which there was a joinder in demurrer. The county court overruled the demurrer, and directed the defendant to answer over to the replication. A general rejoinder was pleaded, and issue joined. The lands were located on plots returned under a warrant of resurvey, issued for that purpose. At the trial the plaintiffs gave in evidence, that fifty-two years ago the fence, located on the plots, was set up by the proprietor of the land, located on the plots, and called The Adventure, and that the fence has been uniformly kept up. They further gave evidence, that between 50 and 60 years ago their father, Person Chapman, had possession of the tract of land located on the plots called Gryme's Ditch, and also of all that part of the tract called The Adventure, which lies on the west side of the fence; that P. Chapman, in his life-time, cultivated and

1808.

Smith & Buchanan
vs
Gorton

cut wood on the land on the west side of the fence, and had full and uninterrupted possession of the same, claiming it as his land; that on the death of *P. Chapman*, the land descended to the plaintiffs, who have since cultivated and cut wood on the same, and held possession thereof until the trespass mentioned in the declaration was committed; and that all that part of *The Adventure*, which lies on the west side of the fence, has been called and reputed as part of *Gryme's Ditch*, and has been held and occupied by the plaintiffs, and their father, as part of that land. The plaintiffs then offered to prove, that the defendant had committed the trespass, alleged in the declaration, to the eastward of the black line as located on the plots from letter *B* to letter *C*, the second line of *Gryme's Ditch*, as located on the plots by the plaintiff, and on the west side of the fence. But the defendant objected to the admissibility of the evidence, and contended that the plaintiffs were not competent to give evidence of any trespass committed on that land; and the county court, (*Gantt*, Ch. J.) was of opinion, and so directed the jury, that the plaintiffs were only entitled to recover for a trespass committed by the defendant within the lines of the tract called *Gryme's Ditch*, as the same is located on the plots by the plaintiffs. The plaintiffs excepted; and the verdict and judgment being against them, this appeal was brought.

The cause was argued before CHASE, Ch. J. BUCHANAN, and NICHOLSON, J. by

*T. Buchanan*, for the Appellant; and by
*C. Dorsey*, for the Appellee.

JUDGMENT AFFIRMED.

---

## SMITH & BUCHANAN vs. GORTON.

DECEMBER.

APPEAL from *Baltimore* County Court. *Assumpsit* by the appellee against the appellants. The declaration contained two counts. The general issue was pleaded; and at the trial the plaintiff offered certain testimony in evidence. The defendants objected to the testimony being given to the jury in support of the issue joined on the second count in the declaration; but the county court,

The court of appeals, having concurred in the opinion expressed by the county court, in the bill of exceptions, but reversed the judgment on the form of proceedings, awarded a procedendo